**CLEARY, GOTTLIEB, STEEN & HAMILTON, Plaintiff,**

v.

**LEGAL SERVICES STAFF ASSOCIATION, et al., Defendants.**

**No. 93 Civ. 8018 (JES).**

United States District Court, S.D. New York.

Nov. 22, 1993.

Cleary, Gottlieb, Steen & Hamilton, New York City, appearing pro se.

Eisner, Goldfeder & Hubbard, P.C., New York City (K. Dean Hubbard, Jr., of counsel), for defendants.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* in the above-captioned action brings this application for a preliminary injunction. For the reasons that follow, plaintiff's application is granted.

### BACKGROUND

This action arises out of a bitter controversy between defendant—Legal Services Staff Association ("Local 2320") and Legal Services for New York City ("LSNY"), of which Christopher H. Lunding, Esq., a partner in the plaintiff law firm of Cleary, Gottlieb, Steen & Hamilton ("Cleary Gottlieb"), is the Chairman of the Board of Directors. LSNY is the employer or (with the LSNY-funded offices) the co-employer for all unionized attorneys and staff members working at the LSNY-funded offices. Since at least 1980, LSNY has acted as the employer representative in collective bargaining negotiations with Local 2320 or its predecessor. Affidavit of Christopher H. Lunding, Esq. dated November 18, 1993 ("Lunding Aff.") ¶ 8.

Plaintiff Cleary Gottlieb first became involved in this dispute in 1991, when the LSNY legal services workers union went on strike after negotiations with LSNY broke down. During that strike, approximately thirty (30) protestors, including defendant—Scott M. Sommer ("Sommer"), the President of Local 2320, and other members of Local 2320, engaged in a sit-in at the offices of Cleary Gottlieb, during which for several hours they chanted slogans directed at Lunding, that ended only when the police arrested the union members for trespassing. Lunding Aff. ¶ 4.

Most recently, the conflict resumed on November 17, 1993, after the expiration of defendants' collective bargaining agreement, when members of Local 2320 began a concerted effort to disrupt Cleary Gottlieb's operations by sending over 400 copies of a single-page message to Lunding from facsimile machines located at several different LSNY-funded offices. Lunding Aff. ¶ 11; *see id.* Ex. B and C. The large, shaded cartoon in the center of the pages of Exhibits B and C significantly slowed the machines and maximized the disruption of the firm's telecommunications department. Lunding Aff. ¶ 11.

According to the plaintiff's affidavit, between 1:00 and 3:00 p.m. on November 17, all six Cleary Gottlieb facsimile machines dedicated to receiving incoming facsimiles were constantly jammed by the flood of paper sent by members of Local 2320. Between 3:00 and 4:30, three of these six machines were jammed. Members of Local 2320 immediately re-dialed Cleary Gottlieb's central facsimile number at the end of each transmission. As a result, clients, attorneys and others doing business with Cleary Gottlieb were unable to send correspondence to the firm's central facsimile number, and the firm's ability to carry on urgent communications was severely disrupted. At 4:30, the deluge suddenly stopped. Lunding Aff. ¶ 12.

The facsimile numbers printed on Exhibit B to the Lunding affidavit indicate that the document was sent first by Local 2320 to one of the LSNY-funded offices and then retransmitted to Cleary Gottlieb. Sommer and the other individual defendants organized and encouraged members of Local 2320 to send as many copies of Exhibit B as possible with the intention of disrupting Cleary Gottlieb's business. Local 2320 also sent a notice to its members headed "Schedule of LSSA Activity" which states" "Tell LSNY Board Chair Chris Lunding to settle now! All day phoning and faxing to Lunding.... Do it once in the morning and again in the afternoon. Fax Chris the 'Road to Poverty' leaflet (attached)." Lunding Aff. ¶ 13; *id.* Ex. D.

Shortly after this disruption began, Lunding contacted Dale Steven Johnson, the Executive Director of LSNY, and asked him to locate Sommer. Shortly after 3:00 p.m. on November 17, Johnson telephoned Sommer and told him that the effort to affect the collective bargaining negotiations by harassing Cleary Gottlieb was improper and should be stopped. Sommer responded that the disruption was planned to end that afternoon. However, when Johnson asked Sommer for his assurance that the union would not continue the harassment of Cleary Gottlieb after November 17, Sommer refused to respond

584

and hung up the telephone. Lunding Aff. ¶ 14; Affidavit of Dale Steven Johnson dated November 18, 1993 ("Johnson Aff.") ¶¶ 2–5.

The message disseminated by Local 2320 instructing its members to send facsimiles to Cleary Gottlieb also announced plans for what was described as "Breakfast at Cleary Gottlieb," for which Local 2320 directed "all members" to appear at the firm's offices at 8:30 a.m. on Tuesday, November 23, 1993. *See* Lunding Aff. Ex. D. That exhibit supports an inference that another attempt to disrupt the plaintiff's business on its property will occur at that time.

As a consequence, plaintiff Cleary Gottlieb brought this action on November 18, 1993 in New York Supreme Court. Defendants removed this action to federal court on November 22, 1993. This Court promptly scheduled a hearing on plaintiff's emergency application for a temporary restraining order and a preliminary injunction for 11:30 a.m. on November 22, 1993 and directed plaintiff to notify counsel for the defendants of the time of that hearing. Plaintiff *pro se*, represented by one of its partners, George Weisz, Esq., having advised the Court that it notified counsel for defendants of the hearing at 10:12 a.m., and no person having authority to represent defendant having appeared at 11:30 a.m., the Court indicated that it would grant the plaintiff's request for injunctive relief and ordered the plaintiff to submit a proposed order to that effect by 3:00 p.m.

At 12:00 p.m. on November 22, 1993, after the conclusion of the hearing, counsel for defendants, K. Dean Hubbard, Jr., Esq. ("Hubbard"), appeared. The Court heard Mr. Hubbard in chambers and related what had transpired, whereupon Mr. Hubbard submitted responsive papers, to wit a Memorandum of Law and the Affidavit of K. Dean Hubbard, Jr., Esq. dated November 22, 1993 ("Hubbard Aff.") and the Affidavit of Scott M. Sommer dated November 22, 1993 ("Sommer Aff."), which the Court reviewed in their entirety, and further represented to the Court that no conduct of the sort feared by Cleary Gottlieb would take place.

## DISCUSSION

Upon reviewing all the papers and affidavits submitted by both parties in connection with plaintiff's application for injunctive relief, the Court has concluded that such assurances of counsel are insufficient security to protect plaintiff against the kind of conduct that took place on April 18, 1991 and on November 17, 1993, and that may take place tomorrow November 23, 1993. It follows that injunctive relief is appropriate for the following reasons.

First, the injunctive relief Cleary Gottlieb seeks, to wit preventing any representatives of Local 2320 from occupying the premises of the firm, is not conduct which is in any way protected by any constitutional right, nor is it conduct properly permissible as part of any ongoing labor dispute. It therefore may be properly enjoined, notwithstanding the prohibitions against injunctive relief ordinarily applicable in a labor context. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959).

Furthermore, to the extent that the defendants have a protected interest in communication with Lunding at Cleary Gottlieb, that right is subject to reasonable time, place and manner restrictions and does not permit conduct of the sort that occurred on April 18, 1991 and on November 17, 1993, which is geared toward disruption of the business activities of Cleary Gottlieb and as such constitutes illegal and improper harassment. It follows that Cleary has at the very least demonstrated a likelihood of success on the merits and irreparable injury with respect to the conduct for which it seeks injunctive relief. Moreover, even assuming, *arguendo*, that plaintiff has demonstrated only substantial questions going to the merits, the balance of hardships tips decidedly in Cleary Gottlieb's favor. This is especially true since the conduct sought to be enjoined is not constitutionally protected, and in any event, defendants have indicated that they do not intend to continue this conduct. Therefore, if this assertion is true, they will suffer no hardship as a consequence of this injunction.

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that defendants Local 2320, Sommer and Barbara Small, and each of them, and their agents, employees and members and all other persons acting on their behalf or in concert with them, are preliminarily enjoined *pendente lite* from

(1) engaging in any misuse of telephones and facsimile machines by sending plaintiff Cleary Gottlieb or any partner or employee of Clearly Gottlieb, including but not limited to Christopher Lunding, more than a total of ten facsimile transmissions in any single day, or any facsimile transmission exceeding five pages in length; and

(2) trespassing on or physically occupying, or interfering with plaintiff's occupying, any part of the premises at One Liberty Plaza, New York City, or 405 Lexington Avenue, New York City, or any part of Cleary Gottlieb's offices within either of those buildings, and it is further

**ORDERED** that defendants application for a stay of this Order pending appeal shall be and hereby is denied.